<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-5187**

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

        v.

CECIL DEAN WHITE,

              Defendant - Appellant.

Appeal from the United States District Court for the Eastern
District of North Carolina, at Raleigh.    James C. Dever III,
District Judge.  (2:06-cr-00023-D-1)

Submitted:  August 31, 2010          Decided:  October 22, 2010

Before MOTZ, DAVIS, and KEENAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, G. Alan DuBois,
Assistant Federal Public Defender, James E. Todd, Jr., Research
and Writing Attorney, Raleigh, North Carolina, for Appellant.
George E. B. Holding, United States Attorney, Anne M. Hayes,
Jennifer P. May-Parker, Assistant United States Attorneys,
Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Cecil Dean White appeals from his twenty-four month sentence imposed pursuant to the revocation of his supervised release. On appeal, White asserts that his sentence is procedurally and substantively plainly unreasonable because the district court failed to consider the mitigating circumstances, gave excessive weight to the exaggerated severity of the violations, and failed to provide sufficiently compelling support for a major variance. We affirm.

A sentence imposed after revocation of supervised release should be affirmed if it is within the applicable statutory maximum and is not plainly unreasonable. United States v. Crudup, 461 F.3d 433, 439-40 (4th Cir. 2006). In making this determination, we first consider whether the sentence is unreasonable. Id. at 438. "This initial inquiry takes a more deferential appellate posture concerning issues of fact and the exercise of discretion than reasonableness review for guideline sentences." United States v. Moulden, 478 F.3d 652, 656 (4th Cir. 2007). In making our review, we "follow generally the procedural and substantive considerations that [are] employ[ed] in [the] review of original sentences, . . . with some necessary modifications to take into account the unique nature of supervised release revocation sentences." Crudup, 461 F.3d at 438-39.

A sentence imposed upon revocation of release is procedurally reasonable if the district court considered the Chapter Seven policy statements and the 18 U.S.C. § 3553(a) (2006) factors that it is permitted to consider. See 18 U.S.C. § 3583(e); Crudup, 461 F.3d at 438-40. A sentence imposed upon revocation of release is substantively reasonable if the district court stated a proper basis for concluding that the defendant should receive the sentence imposed, up to the statutory maximum. Crudup, 461 F.3d at 440. We will affirm if the sentence is not unreasonable. Id. at 439. Only if a sentence is found procedurally or substantively unreasonable will we "decide whether the sentence is *plainly* unreasonable." Id. "[T]he court ultimately has broad discretion to revoke its previous sentence and impose a term of imprisonment up to the statutory maximum." Id.

When imposing sentence, the district court must provide individualized reasoning. See United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009). The Carter rationale applies to revocation hearings; however, "a court need not be as detailed or specific when imposing a revocation sentence as it must be when imposing a post-conviction sentence." United States v. Thompson, 595 F.3d 544, 547 (4th Cir. 2010).

Because White did not request a sentence different from the one imposed, review is for plain error. See United

3

States v. Lynn, 592 F.3d 572, 580 (4th Cir. 2010). "To establish plain error, [White] must show that an error occurred, that the error was plain, and that the error affected his substantial rights." United States v. Muhammad, 478 F.3d 247, 249 (4th Cir. 2007). Even if White makes this showing, "correction of the error remains within [the court's] discretion, which [the court] should not exercise . . . unless the error seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." Id. (internal quotation marks and citation omitted). In the sentencing context, an error affects substantial rights if the defendant can show that the sentence imposed "was longer than that to which he would otherwise be subject." United States v. Angle, 254 F.3d 514, 518 (4th Cir. 2001).

We conclude that White failed to make the requisite showings. His excuses for his admitted release violations fail to outweigh the fact that he repeatedly violated the terms of his supervised release. The district court considered White's excuses and rejected them. The court explicitly considered the Guidelines range (six to twelve months) as well as many of the statutory factors that it was permitted to consider when arriving at a sentence. In this regard, the court mentioned White's continuing criminal conduct, the leniency of the probation officer and the court in the past, the need to deter

4

future violations, White's unsatisfactory conduct while on supervised release, and his failure to take responsibility. In addition, the court recommended that White receive substance abuse treatment.

Moreover, White faces a very heavy burden on the claims he raises. Even if he could show that his sentence was unreasonable, he would still need to show that it was plainly unreasonable. A sentence is "plainly unreasonable" if it "run[s] afoul of clearly settled law." Thompson, 595 F.3d at 549. White has flatly failed to make such a showing. In addition, because his sentence is reviewed for plain error, White must also show that there is a reasonable probability that the claimed irregularity in sentencing affected his substantial rights and that any error affected the fairness and integrity of the judicial system. White's assertions of error illustrate essentially a disagreement with the district court's conclusions that his behavior constituted serious breaches of his release conditions. Even assuming rational minds could differ on whether the district court's conclusions were exaggerated, White cannot show that his substantial rights were affected or that the sentencing error was so egregious that it called into question the fairness of the sentencing system.

Accordingly, we affirm White's sentence. We dispense with oral argument because the facts and legal contentions are

adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED